# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MATTHEW FORSLUND

    Plaintiff,

v.                                                 No.: 1:20-CV-171 WJ/SCY

NATIONAL TECHNOLOGY AND ENGINEERING
SOLUTIONS OF SANDIA, LLC d/b/a SANDIA
NATIONAL LABORATORIES and ROGER BURTON,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's Human Rights Act Claims, Count for Intentional Infliction of Emotional Distress, Defendant Roger Burton, and Retaliation (**Doc. 6**). Having reviewed the briefing and considered the applicable law, the Court finds that the Motion is well taken, but is **GRANTED only in part**, because the Court will allow Plaintiff to amend his retaliation claim against Defendant Sandia National Laboratories ("Sandia").

## BACKGROUND

This is an employment case wherein Plaintiff asserts that he was subjected to a hostile work environment due to his disability by his employer, Sandia, which is housed on Kirtland Air Force Base ("KAFB"), and his supervisor, Defendant Roger Burton ("Burton") (Doc. 1-3, Compl., ¶¶ 7–8.) Plaintiff asserted the following claims for relief:

- Count I: Discrimination under the New Mexico Human Rights Act ("NMHRA") and the Americans with Disabilities Act ("ADA");
- Count II: Retaliation under the NMHRA and the ADA; and

- Count III: Intentional Infliction of Emotional Distress ("IIED"), a New Mexico common law tort.

After removing the case from state court, Defendants filed the instant Motion to Dismiss (Doc. 6). Defendants argue that KAFB is a federal enclave and, as such, Plaintiff's NMHRA and state common law claims fail because they arose after the enclave was created. Defendants further contend that Plaintiff's remaining claims also fail because the ADA does not permit causes of action against individuals and, what is more, Plaintiff has failed to plausibly state a claim for retaliation insofar as he does not plausibly allege any protected activity that is causally linked to an adverse employment action.

In his Response, Plaintiff does not dispute that KAFB is a federal enclave[1] and concedes that, consequently, his NMHRA claims should be dismissed. (Doc. 10 at 1.) Plaintiff argues that his remaining claims survive scrutiny under Federal Rule of Civil Procedure 12(b)(6), but assuming the Court concludes otherwise, requests leave to amend.

**DISCUSSION**

**I.    Legal Standard under Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Complaints which are nothing more than "a formulaic

---

[1] In *Allison v. Boeing Laser Tech. Servs.*, the Tenth Circuit recognized KAFB as a federal enclaved created in 1954. 689 F.3d 1234, 1238 (2012). The Court held that "[u]nder federal enclave law no New Mexico law adopted after 1954 applies on Kirtland Air Force Base unless it fits under one of the three exceptions." *Id.*

2

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions, including legal conclusions couched as factual allegations. *Id.* at 555–56.

Accordingly, "in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). In deciding whether the plaintiff has adequately stated a claim for relief, we view "the totality of the circumstances as alleged in the complaint in the light most favorable to [the plaintiff]." *Jones v. Hunt*, 410 F.3d 1221, 1229 (10th Cir. 2005). The key question is whether a plaintiff has nudged his or her claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**II.      Defendants' Motion is Granted, But Plaintiff Will Be Permitted to Amend His Retaliation Claim.**

        **A**.     **Plaintiff's ADA Claim Against Burton Fails Because the ADA Does Not Recognize Suits Against Employees in Their Individual Capacities.**

The Americans with Disabilities Act, 42 U.S.C. §§ 12111(2) & 12112, prohibits employers from discriminating against employees on the basis of disability. The law applies only to employers, not individual employees. *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999) (explaining that "the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition.") Accordingly, there is no personal liability under the ADA; no claim may lie against an individual supervisor. *Id.*

Plaintiff's Response (Doc. 10) does not address Defendants' contention that the ADA does not recognize Plaintiff's claim against his supervisor, Defendant Burton.[2] Perhaps because there

---

[2] The Court notes that Plaintiff's ADA claims for discrimination (Count I) and retaliation (Count II) appear to be asserted against Sandia, only. However, Defendants have apparently understood the claims as asserted against both

3

is no argument to be made—the law was clearly established in Defendants' favor by the Tenth Circuit in *Butler*. As such, the Court has no trouble concluding that Plaintiff has failed to state a claim for which relief may granted with respect to his ADA claim against Burton. Additionally, any attempted amendment is futile because the asserted cause of action cannot exist against this Defendant. Count I as to Defendant Burton is therefore **DISMISSED WITH PREJUDICE**.

### B. Plaintiff failed to plausibly plead a claim for retaliation but will be permitted to amend.

In addition to discrimination, the ADA prohibits retaliation against employees who have "opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a). To establish a prima facie case for retaliation, Plaintiff must show that "(1) [he] engaged in protected opposition to [ADA] discrimination or participated in an [ADA] proceeding; (2) [he] suffered an adverse employment action contemporaneous with or subsequent to such opposition or participation; and (3) there is a causal connection between the protected activity and the adverse employment action." *Penry v. Federal Home Loan Bank of Topeka*, 155 F.3d 1257, 1263–64 (10th Cir. 1998). While Rule 12(b)(6) "does not require that Plaintiff establish a prime facie case in [his] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)).

Although the Complaint (Doc. 1-3 at 2–7) does not provide a clear timeline of the events, Defendants provided a copy of Plaintiff's EEOC charge, which is dated October 3, 2018. (Doc.

---

Defendants, and Plaintiff's Response does not address this interpretation. Accordingly, the Court concludes, as Defendants do, that Plaintiff asserts the claims against both Defendants.

6-1.) Defendants argue that even if the EEOC filing could be considered protected opposition to discrimination, Plaintiff fails to state a claim because the "sequence of events is backwards: Plaintiff seems to assert that Sandia retaliated against him by subjecting him to a hostile work environment." (Doc. 6 at 6.) Plaintiff counters that he made reports, both informally to authorities within Sandia and formally with the EEOC and the New Mexico Human Rights Bureau, opposing what he believed was unlawful discrimination. (Compl., ¶¶ 9, 14). He alleges that he suffered adverse employment actions as a result of those complaints, in the form of being sent home and prohibited from returning to work despite being deemed fit for duty, (*id.*, ¶¶ 11, 13), written up and placed on a performance improvement plan (*id.*, ¶ 15), and, eventually, terminated (*id.*, ¶ 17).

The Court agrees with Defendants that the write-up and the performance improvement plan cannot, without more, constitute adverse employment action in this Circuit. *See Dick v. Phone Directories Co., Inc.*, 397 F.3d 1256, 1270 (10th Cir. 2005); *Payan v. UPS*, 905 F.3d 1162, 1173–74 (10th Cir. 2018). However, the question of whether prohibiting Plaintiff from returning to work constitutes an adverse employment action was not addressed by Defendants. And it is beyond question that termination, as alleged by Plaintiff, can constitute adverse employment action. *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1228 (10th Cir. 2008).

That said, Plaintiff has not pleaded any factual details asserting a causal connection between his reports of discrimination and these allegedly adverse actions. Put another way, Plaintiff has not connected his complaints to Sandia's actions sufficiently enough to nudge his claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Plaintiff, citing *Anderson v. Coors Brewing Co.*, argues that the causation inference can be drawn by comparing the timing of his complaints with the timing of the allegedly adverse actions. But his reliance on *Anderson* is misplaced. While true that temporal proximity alone, *may* establish causation,

*Anderson* by no means stands for the proposition that temporal proximity *does* establish causation. 181 F.3d, 1171, 1179 (10th Cir. 1999). Moreover, in *Anderson*, the Tenth Circuit explained that a one-and-a-half-month period between protected activity and adverse action was sufficient to establish causation, while a three-month period between the two was insufficient to establish causation. *Id.* (internal citations omitted). Here, Plaintiff's EEOC charge was filed in October 2018, (Doc. 6-1), but he was not terminated until April 2019, six months later (Doc. 1, ¶ 17). Thus, *Anderson* does not offer support to Plaintiff's averment. As Plaintiff's Complaint is devoid of any other temporal indicators, the timing between other incidents of protected opposition and allegedly adverse employment action remains open for conjecture. The Court will not read more into Plaintiff's Complaint than what it contains and will not speculate as to sequences of events which might render his reliance on *Anderson* understandable.

Plaintiff had the burden to plausibly plead his claim. *Twombly*, 550 U.S. at 556. He failed. However, the Court is reluctant to let a pleading error alone halt the adjudication of what is, potentially, a meritorious claim. Accordingly, **the Court will grant Plaintiff leave to amend his Complaint within 30 days of this Order**. Plaintiff is admonished that he will not be given additional opportunities to cure further pleading defects.

### C. Plaintiff's IIED Claim Fails Because It Is Undisputed That It Arose on a Federal Enclave.

Congress has exclusive jurisdiction over a federal enclave. *Allison*, 689 F.3d at 1235. State laws adopted after the creation of an enclave generally do not apply to the enclave. *Id.* Plaintiff concedes that KAFB is a federal enclave which has existed since 1954. (Doc. 10 at 1.) He further concedes that the common law tort of IIED was not acknowledged as a cause of action in New Mexico until after 1954.[3] (*Id.*) However, somewhat confusingly, Plaintiff argues that the Court

---

[3] *See Dominguez v. Stone*, 1981-NMCA-146, ¶ 16, 97 N.M. 211, 638 P.2d 423.

should nonetheless deny Defendants' motion to dismiss this claim because he "has no adequate remedy under Federal law to pursue against Defendant Burton." (*Id.*) Plaintiff's policy argument is unpersuasive. First, he points to no case law which supports his position that the federal enclave doctrine does not or should not apply where a plaintiff has "no adequate remedy" otherwise. Second, Plaintiff does not argue that his claims fall into one of the exceptions to the federal enclave doctrine as articulated by the Tenth Circuit in *Allison*.[4] Additionally, to the extent that Plaintiff argues that common law torts are distinguishable from statutory causes of action and thus do not fall within the ambit of the federal enclave doctrine, the Tenth Circuit has foreclosed the argument. *Allison*, 689 F.3d at 1240 ("We see no principled reason to treat state common law differently than state statutory law.").

Plaintiff conflates jurisdiction with his available remedies at law. (Doc. 10 at 2.) Plaintiff believes that if this Court were to decline jurisdiction and remand this case, he could make his IIED claim in state court. (*Id.*) But federal enclave jurisdiction is a form of federal jurisdiction, *Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir. 1994), meaning this Court has subject matter jurisdiction—a fact which Plaintiff does not dispute. So, to the extent Plaintiff's Response can be considered a request to remand, he offers no legal basis to do so. In any case, the time to move for remand has expired. 28 U.S.C. § 1447(c) (a motion to remand on any basis other than subject matter jurisdiction must be made within 30 days of removal).

The obstacle to Plaintiff's IIED claim lies not with the venue, but with the law. Plaintiff's state common law IIED claim is barred because it arose on a federal enclave. The court in which Plaintiff tries to assert the claim is irrelevant. The tort at issue simply does not apply on KAFB,

---

[4] "The Supreme Court has recognized at least three exceptions to the rule that only state law in effect at the time of cession applies within the federal enclave: 1) where Congress has, by statute, provided a different rule; 2) where the state explicitly retained the right to legislate over specific matters at the time of cession; and 3) where minor regulatory changes modify laws existing at the time of cession." 689 F.3d at 1237.

7

and Plaintiff's claim would fair no better in one court versus another. As such, Plaintiff's claim fails, and his request to amend is futile because the law does not recognize his putative claim.

## CONCLUSION

In sum, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss (**Doc. 6**) and concludes as follows:

- Plaintiff's NMHRA claims against both Defendants are **DISMISSED WITH PREJUDICE;**

- Plaintiff's ADA claims against Defendant Burton are **DISMISSED WITH PREJUDICE;**

- Plaintiff's IIED claims against both Defendants are **DISMISSED WITH PREJUDICE;** and

- Plaintiff's retaliation claim against Sandia is **DISMISSED WITH LEAVE TO AMEND. If Plaintiff fails to amend within 30 days of this Order, the dismissal is with prejudice**.

Plaintiff's discrimination claim against Sandia (which was not challenged in Defendants' motion) shall proceed, along with his retaliation claim against Sandia as amended in accordance with this Order.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE